Jason A. James (SBN 265129)
E-mail: jjames@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363    Fax: 949.863.3350

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIFER CHADNEY,<br><br>                  Plaintiff,<br><br>        v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                  Defendant. | Case No. 2:26-cv-04313-DMG-BFM<br><br>**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Dolly M. Gee<br><br>Complaint Filed:  April 23, 2026 |

COMES NOW, defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), and in response to the Complaint filed by plaintiff JENNIFER CHADNEY ("Plaintiff"), admits, denies, alleges, and/or pleads as follows:

1.      Answering paragraph 1 of the Complaint, Prudential admits that Plaintiff sues to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  Prudential also admits that the Court has jurisdiction over the subject matter of this action under ERISA and 28 U.S.C. § 1331.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 1.

2.      Answering paragraph 2 of the Complaint, Prudential admits that 29

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

1

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S
COMPLAINT

U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 speak for themselves and are the best evidence of their provisions. Prudential denies any allegations that are inconsistent with or misrepresent the provisions of 29 U.S.C. § 1133 and/or 29 C.F.R. § 2560.503-1. Prudential also admits that, for purposes of this litigation and Plaintiff's current claim for LTD benefits only, she has exhausted her administrative remedies. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 2.

3. Answering paragraph 3 of the Complaint, Prudential admits only that venue may be laid in this judicial district. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 3.

4. Answering paragraph 4 of the Complaint, Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff contends is "all relevant times." Prudential admits, based upon information and belief, that Plaintiff was at certain times a resident of San Luis Obispo County, California. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 4.

5. Answering paragraph 5 of the Complaint, Prudential admits that it insures certain LTD benefits under the plan pursuant to a group insurance contract, group contract no. G-52201-CO, which it issued to DaVita, Inc. Prudential also admits that it performs certain administrative services with respect to claims for LTD benefits submitted under the plan. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 5.

6. Answering paragraph 6 of the Complaint, Prudential admits that it is a New Jersey corporation with its principal place of business in New Jersey. Prudential also admits that it is authorized to transact business in California. Prudential further admits that its current registered agent for service of process in California is CT

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

2

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S
COMPLAINT

Corporation System.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 6

7.     Answering paragraph 7 of the Complaint, Prudential admits that Plaintiff was at certain times employed by DaVita as a registered nurse.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 7

8.     Answering paragraph 8 of the Complaint, Prudential admits that DaVita sponsored an employee welfare benefit plan (the "plan"), which provided, among other things, LTD coverage for eligible employees.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 8

9.     Answering paragraph 9 of the Complaint, Prudential admits that it insures LTD benefits under the plan pursuant to a group insurance contract, group contract no. G-52201-CO.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 9.

10.     Answering paragraph 10 of the Complaint, Prudential admits that Plaintiff was at certain times a participant in the plan.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 10.

11.     Answering paragraph 11 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms and conditions of the plan.  Prudential denies any allegations that are inconsistent with or misrepresent the terms set forth in the plan documents.  Prudential also admits that the document attached to Plaintiff's Complaint as Exhibit A was part of group insurance contract no. G-52201-CO as of its effective date on January 1, 2023, but denies that it constitutes the entire group

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

3

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

contract and denies that it is applicable to Plaintiff's claim given that she reported a disability date in 2022. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 11.

12. Answering paragraph 12 of the Complaint, Prudential admits that Plaintiff submitted a claim for LTD benefits, reporting that she had stopped working on or about August 18, 2022. Answering further, the remaining allegations purport to summarize the content of Plaintiff's claim submission documents, which are contained in the administrative record and are written documents that speak for themselves and are the best evidence of their content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 12.

13. Answering paragraph 13 of the Complaint, Prudential admits that the administrative record documenting Plaintiff's claim speaks for itself and is the best evidence of the information Prudential received regarding Plaintiff's medical conditions during the administration of her claim. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 13.

14. Answering paragraph 14 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 14.

15. Answering paragraph 15 of the Complaint, Prudential admits that Plaintiff submitted a claim for LTD benefits under the plan. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 15.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

4

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

16.    Answering paragraph 16 of the Complaint, Prudential admits that it initially approved Plaintiff's claim based on the information then available to Prudential with LTD benefits payable as of February 14, 2023, and that it subsequently closed the claim effective February 17, 2023.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 16.

17.    Answering paragraph 17 of the Complaint, Prudential admits that it advised Plaintiff by letter dated April 24, 2023, that her LTD claim was closed effective February 17, 2023.  Answering further, the remaining allegations in paragraph 17 purport to summarize the content of Prudential's August 24, 2023 letter, which is contained in the administrative record and is a written document that speaks for itself as is the best evidence of its content.  Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 17.

18.    Answering paragraph 18 of the Complaint, Prudential admits that Plaintiff appealed the claim decision by letter dated October 20, 2023.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 18.

19.    Answering paragraph 19 of the Complaint, Prudential admits that Plaintiff submitted documents with her October 20, 2023 appeal, which are contained in the administrative record, speak for themselves, and are the best evidence of their content.  Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 19.

20.    Answering paragraph 20 of the Complaint, Prudential admits that it overturned the claim closure and reinstated Plaintiff's LTD benefits by letter dated

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

5

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

November 29, 2023. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 20.

21. Answering paragraph 21 of the Complaint, Prudential admits that it closed Plaintiff's claim by letter dated February 5, 2025, on the grounds that she was not disabled under the plan's "any gainful occupation" of disability. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 21.

22. Answering paragraph 22 of the Complaint, Prudential admits that its February 5, 2025 letter speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the content of its February 5, 2025 letter. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 22.

23. Answering paragraph 23 of the Complaint, Prudential admits that Plaintiff appealed the claim decision by letter dated April 4, 2025. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 23.

24. Answering paragraph 24 of the Complaint, Prudential admits that Plaintiff submitted documents with her August 4, 2025 appeal, which are contained in the administrative record, speak for themselves, and are the best evidence of their content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 24.

25. Answering paragraph 25 of the Complaint, Prudential admits that Plaintiff submitted a report from a Functional Capacity Evaluation ("FCE") dated April 18, 2025. Answering further, the remaining allegations in paragraph 25 purport

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

4933-9563-1796 v2

6

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S
COMPLAINT

to summarize the content of the FCE report, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 25.

26. Answering paragraph 26 of the Complaint, Prudential admits that Plaintiff submitted a "Medical Opinion Form" dated June 17, 2025 from Dr. Richard Day. Answering further, the remaining allegations in paragraph 26 purport to summarize the content of the June 17, 2025 Medical Opinion Form, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 26.

27. Answering paragraph 27 of the Complaint, Prudential admits that Plaintiff submitted a report from Ms. Ashley Johnson dated May 14, 2025. Answering further, the remaining allegations in paragraph 27 purport to summarize the content of May 14, 2025 report, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 27.

28. Answering paragraph 28 of the Complaint, Prudential admits that it sent Plaintiff the new evidence generated on appeal by letter dated September 2, 2025. Answering further, the remaining allegations in paragraph 28 purport to summarize the documents that Prudential sent to Plaintiff on September 2, 2025, which are

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

7

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

contained in the administrative record, speak for themselves, and are the best evidence of their content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 28.

29. Answering paragraph 29 of the Complaint, Prudential admits only that it upheld the claim decision by letter dated October 3, 2025. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 29.

30. Answering paragraph 30 of the Complaint, Prudential admits that its October 3, 2025 letter advised Plaintiff that she could submit a second, voluntary appeal of the claim decision. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 30.

31. Answering paragraph 31 of the Complaint, Prudential admits that Plaintiff submitted a second, voluntary appeal by letter dated December 19, 2025. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 31.

32. Answering paragraph 32 of the Complaint, Prudential admits that Plaintiff submitted documents with her December 19, 2025 appeal, which are contained in the administrative record, speak for themselves, and are the best evidence of their content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 32.

33. Answering paragraph 33 of the Complaint, Prudential admits that Plaintiff submitted records from Dr. Marie Dusch and Dr. Lauren Doege. Answering further, the remaining allegations in paragraph 33 purport to summarize the content

of those records, which are contained in the administrative record, speak for themselves, and are the best evidence of their content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 33.

34. Answering paragraph 34 of the Complaint, Prudential admits that Plaintiff submitted a response from Dr. Day to a letter from her counsel dated September 11, 2025. Answering further, the remaining allegations in paragraph 34 purport to summarize the content of Dr. Day's response to counsel's September 11, 2025 letter, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 34.

35. Answering paragraph 35 of the Complaint, Prudential admits that Plaintiff submitted a report from Ms. Johnson dated September 22, 2025. Answering further, the remaining allegations in paragraph 35 purport to summarize the content of Ms. Johnson' September 22, 2025 report, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 35.

36. Answering paragraph 36 of the Complaint, Prudential admits that Plaintiff submitted a report from Joshua Hall, Psy.D and Bahareh Talei, Psy.D dated October 13, 2025. Answering further, the remaining allegations in paragraph 36

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

9

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

purport to summarize the content of the October 13, 2025 report, which is contained in the administrative record and is a written document that speaks for itself and is the best evidence of its content. Prudential denies any allegations that are inconsistent with or misrepresent the information contained in the administrative record. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 36.

37. Answering paragraph 37 of the Complaint, Prudential admits only that it upheld the claim decision by letter dated January 16, 2026. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 37.

38. Answering paragraph 38 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 38.

39. Answering paragraph 39 of the Complaint, Prudential admits that, for purposes of this litigation and Plaintiff's current claim for LTD benefits only, she has exhausted her administrative remedies. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 39.

40. Answering paragraph 40 of the Complaint, Prudential admits that it did not provide Plaintiff with the new information generated during her second, voluntary appeal before issuing its decision on January 16, 2026. Prudential expressly denies that it had any obligation to do so because Plaintiff's second appeal was voluntary. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 40.

41. Answering paragraph 41 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 41.

42. Answering paragraph 42 of the Complaint, Prudential admits that 29 C.F.R. § 2560.503-1(l) speaks for itself and is the best evidence of its content. Prudential expressly denies that 29 C.F.R. § 2560.503-1(l) applies to the facts of this

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

10

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

case. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 42.

43. Answering paragraph 43 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 43.

44. Answering paragraph 44 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 44.

45. Answering paragraph 45 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms of the plan. Prudential denies any allegations that are inconsistent with or misrepresent the terms set forth in the plan documents. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 45.

46. Answering paragraph 46 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 46.

47. Answering paragraph 47 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 47.

48. Answering paragraph 48 of the Complaint, Prudential admits that it insures LTD benefits under the plan. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 48.

49. Answering paragraph 49 of the Complaint, Prudential alleges that paragraph 49 constitutes a legal conclusion to which no response is required. To the extent a response is required, Prudential admits that it performs certain administrative services with respect to LTD claims submitted under the plan. Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 49.

50. Answering paragraph 50 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 50.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

11

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

51.    Answering paragraph 51 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 51.

52.    Answering paragraph 52 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 52.

53.    Answering paragraph 53 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 53.

54.    Answering paragraph 54 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 54.

55.    Answering paragraph 55 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 55.

## FIRST CAUSE OF ACTION

56.    Answering paragraph 56 of the Complaint, Prudential incorporates its responses to all prior paragraphs as though fully set forth herein.

57.    Answering paragraph 57 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms and conditions of the plan.  Prudential denies any allegations that are inconsistent with or misrepresent the terms set forth in the plan documents.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 57.

58.    Answering paragraph 58 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 58.

59.    Answering paragraph 59 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 59.

60.    Answering paragraph 60 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 60.

61.    Answering paragraph 61 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 61.

62.    Answering paragraph 62 of the Complaint, Prudential denies generally

Burke, Williams & Sorensen, LLP
Attorneys at Law
Orange County

4933-9563-1796 v2

12

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

and specifically, each, every, and all of the allegations in paragraph 62.

63.    Answering paragraph 63 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 63.

64.    Answering paragraph 64 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 64.

## RESPONSE TO PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, and paragraphs 1 through 8 thereunder, Prudential denies that Plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Any allegations contained in Plaintiff's Complaint that have not been specifically admitted above are denied.

## FIRST DEFENSE

### (Failure to State a Claim)

1.    Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Administrative Record)

2.    The Court's review should be limited to the examination of the administrative record created during the processing of Plaintiff's claim under the plan. Plaintiff is limited to the evidence and arguments presented during the administrative process.

## THIRD DEFENSE

### (Any Benefits Awarded as Subject to Applicable Offsets)

3.    Any benefits due under the plan are subject to offset, integration, or other deductions or adjustments in accordance with the plan terms.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

13

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S
COMPLAINT

## FOURTH DEFENSE

### (Plaintiff is Not Entitled to Prospective Benefits)

4.    There is no vesting of benefits under the plan, and thus, Plaintiff may not recover benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## FIFTH DEFENSE

### (Plan Terms Bar Plaintiff's Claim)

5.    Plaintiff's claims are barred by the terms of the plan.

## SIXTH DEFENSE

### (Agency Regulations are not Entitled to Deference)

6.    Prudential alleges that to the extent Plaintiff seeks relief based upon regulations adopted by a federal agency, such regulations are entitled to no deference and should be vacated and/or disregarded to the extent they exceed the agency's authority and are not consistent with governing law.

## SEVENTH DEFENSE

### (Reservation of Right to Assert Additional Affirmative Defenses)

7.    Prudential presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses.  Prudential reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## PRAYER

WHEREFORE, Prudential prays for a judgment in its favor and against Plaintiff as follows:

1.    That Plaintiff take nothing by her Complaint in this action;

2.    That the complaint be dismissed with prejudice;

3.    For judgment against Plaintiff and in favor of Prudential;

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

14

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S
COMPLAINT

4.      That Prudential recover its costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

5.      For such other and further relief as the Court deems just and proper.

Dated:  July 7, 2026                          BURKE, WILLIAMS & SORENSEN, LLP


By:      */s/ Jason A. James*
            Jason A. James
            Attorneys for Defendant
            THE PRUDENTIAL INSURANCE
            COMPANY OF AMERICA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4933-9563-1796 v2

15

Case No. 2:26-cv-04313-DMG-BFM
PRUDENTIAL'S ANSWER TO PLAINTIFF'S COMPLAINT